UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADRAKEOUS SONNY DEAN,<br>Petitioner,<br>v.<br>ROB ST. ANDRE,<br>Respondent. | Case No. 24-cv-04187-JST<br><br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, an inmate at High Desert State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the state court's denial of his resentencing petition. ECF No. 4. For the reasons set forth below, the Court DISMISSES the petition for a writ of habeas corpus and DENIES a certificate of appealability.

## BACKGROUND

### I.  Procedural History

Petitioner is in custody pursuant to a 2014 conviction and sentence from Marin County Superior Court. ECF No. 4 at 1. In 2016, Petitioner unsuccessfully appealed this conviction in both the state appellate court and the state supreme court. ECF No. 8 at 2. In 2017, Petitioner filed a federal habeas petition challenging this petition, which was denied on the merits in 2018. ECF No. 8 at 2-3. In 2021, Petitioner filed a state habeas petition with the California Supreme Court, which was denied. ECF No. 8 at 3. In or around 2022, Petitioner petitioned the state trial court for resentencing pursuant to Cal. Penal Code §§ 1172.75 and 1385. The state trial court granted the request in part, dismissing three enhancements, which reduced Petitioner's aggregate sentence to 34 years, but declined the request to dismiss a 20-year firearm enhancement in the interest of justice, finding that doing so would endanger public safety. ECF No. 8 at 3. On April

1   30, 2024, the state appellate court denied Petitioner's appeal and affirmed the trial court's

2   disposition of the resentencing request. ECF No. 8 at 3.

3         On or about July 11, 2024, Petitioner filed a pleading with this Court, stating that he

4   wished to petition the United States Supreme Court to "get a recall for a resentence." ECF No. 1.

5   Because Petitioner sought relief from this Court, the Court opened an action. ECF No. 2.

6         On August 1, 2024, Petitioner filed the operative petition, which is docketed at ECF No. 4.

7   In the petition, Petitioner challenges his sentence as follows: "Illegal sentence. Defendant was

8   resentence, but the courts did not give defendant the right sentence. Defendant have more time for

9   enhancements. SB 81 applied for defendant." ECF No. 4 at 5. The petition further states that

10  Petitioner's state court resentencing petition remains pending the outcome of *People v. Walker*.

11  ECF No. 4 at 4.

12  **II.     Order to Show Cause**

13        On October 2, 2024, the Court reviewed the petition and ordered Petitioner to show cause

14  why the petition should not be dismissed for failure to exhaust state court remedies, for failure to

15  state a claim for federal habeas relief, and as barred by the *Younger* abstention doctrine. The

16  Court informed Petitioner of the following. The Court's review of the California Court Case

17  Information System indicated that while Petitioner had appealed the trial court's resentencing

18  decision to the state appellate court, there was no record of Petitioner presenting a petition for

19  review to the California Supreme Court, as is required to exhaust state court remedies pursuant to

20  28 U.S.C. § 2254. Petitioner's claim that the state court failed to properly apply state law – Senate

21  Bill 81 – did not state a claim for federal habeas relief because federal habeas relief is only

22  available for violations of the Constitution, laws, or treaties of the United States. The petition's

23  statement that state court resentencing petition remains pending the outcome of *People v. Walker*

24  implied that *Younger* abstention was required. The *Younger* abstention doctrine precludes a

25  federal court from intervening in a pending state criminal proceeding. *See generally* ECF No. 8.

26        Petitioner filed a response to the Order to Show Cause, stating in relevant part:

27          Petitioner is arguing that the trial court improperly determined that
        Cal. Penal Code § 1385(c) was inapplicable to sentencing
28          enhancements imposed for ceretain (sic) strike priors,

> misunderstooding (sic) the scope of its discretion under Section 1385, and was unaware of its discretion to impose a lesser firearm enhancement under *People v. Tirado*, 12 Cal. 5th 688, 700 (2022). Now there is a decision for state appellate court's. Petitioner is pleading with this court, stating that Defendant wishes to petition the United States Supreme Court to get a recall for a resentence. Defendant do not have a lawyer is not to (sic) aware of how the process goes. Defendant is asking if there is still any mistakes info Defendants but, Defendant is just asking higher courts to resentence defendant to 10 years gun enhancement. The courts under this court have violated defendant rights to a fair sentencing under new law. I'm asking the court to review all facts & grant petition.

ECF No. 9 at 2-3.

### III.     Dismissing the Petition

The Court DISMISSES the petition as unexhausted and for failure to state a federal habeas claim.

First, Petitioner has failed to show that he has exhausted state court remedies as required by 28 U.S.C. § 2254. As stated in the Court's October 2, 2024 Order to Show Cause, there is no record in the state court case information system of Petitioner filing a petition for review in the California Supreme Court challenging the state court's disposition of his resentencing petition. The Court instructed Petitioner that if he had exhausted state court remedies, he should provide the Court with the case number for the case filed in the California Supreme Court wherein he presented the arguments presented in this petition. Petitioner has not done so. According to the record before the Court, this petition is unexhausted and must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 520, 522 (1982).

Second, the petition fails to state a claim for federal habeas relief. The petition alleges that the state trial court incorrectly applied state sentencing law. *See generally* ECF No. 4. In his response to the Order to Show Cause, Petitioner again reiterates that the state trial court erred in its application of state sentencing law, Cal. Penal Code § 1385, contrary to the directive of the state courts in *People v. Tirado*, 12 Cal. 5th 688, 700 (2022). Petitioner is alleging an error of state law, for which federal habeas relief is unavailable. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal courts may only grant habeas relief where the petitioner's custody violates the Constitution, laws, or treaties of the United States. *Id.*

Simply put, where there is no violation of the federal Constitution or federal law, as is the case here, this Court lacks jurisdiction to direct a state court as to how it should apply state law,

which is the relief that Petitioner is seeking.

## IV. Denying Certificate of Appealability

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES this habeas petition for failure to exhaust court remedies and for failure to state a federal habeas claim. The Court also DENIES a certificate of appealability. Judgment is entered in favor of Respondent and against Petitioner. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: October 30, 2024



JON S. TIGAR
United States District Judge

4